IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) | CIVIL ACTION NO. 3:15-07 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| BLACK'S HOME SALES, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

This action arises from a dispute involving the purchase of a pre-manufactured home.  Plaintiff Employers Mutual Casualty Company has brought an action for declaratory judgment, seeking a judgment that it has no duty or obligation to defend or to indemnify Defendant against the allegations contained in the underlying state-court action.  (*See* ECF No. 6 ¶¶ 15, 24-48.)  Presently before the Court is Defendant's motion to dismiss the amended complaint for lack of subject-matter jurisdiction.  Defendant contends that Plaintiff has not adequately established the amount in controversy required for diversity jurisdiction.  Alternatively, Defendant requests that this Court decline to exercise its jurisdiction under the Declaratory Judgment Act because the dispute between the parties involves legal questions of Pennsylvania state law, which the state court will address in the underlying action.  For the reasons stated below, the Court will **DENY** Defendant's motion to dismiss the amended complaint.

## II.     Background

Plaintiff initiated this action and seeks a declaratory judgment that it has no duty or obligation to defend or to indemnify Defendant against the allegations contained in the underlying state-court action. (ECF No. 6.) Plaintiff alleges the following facts in its amended complaint, which the Court will accept as true for the sole purpose of deciding the pending motion to dismiss.

Defendant has been named as a defendant in the underlying action, which was filed in the Court of Common Pleas of Blair County on July 1, 2011, by James and Cindy Jett. (*Id.* ¶ 4.) The Jetts filed an amended complaint on March 10, 2015. (*Id.* ¶ 8; ECF No. 6-1.) In the underlying action, the Jetts allege that they contracted with Defendant in 2005 to purchase a pre-manufactured home and to design the home's foundation. (ECF No. 6 ¶¶ 9-11.) The Jetts assert claims against Defendant for breach of contract and for violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), contending that Defendant's poor workmanship resulted in incorrect options, defects, and missing items. (*Id.* ¶ 9, 12.) The Jetts further aver that Pamela Wronski, who issued the proposal for the design of the home's foundation as Defendant's employee, was misrepresented as an architect and that the foundation's design was faulty because it failed to allow for multiple chimney flutes and failed to provide structural support. (*Id.* ¶ 10.)

Plaintiff issued a series of general liability policies to Defendant and is currently providing Defendant with a defense to the underlying action. (*Id.* ¶ 14, 16.) The policies, which were first issued on August 2, 2003, and were renewed annually until the present,

limit coverage to "bodily injury" or "property damage" that occurs during the policy period. (*Id.* ¶ 16-17.) Because the Jetts seek damages for defects that manifested on or after August 3, 2005, Plaintiff avers that its 2005-2006 policy, number 2D5-76-64 ("the Policy") potentially applies to the underlying action and sets forth its relevant terms. (*Id.* ¶ 18-23.) The Policy carries a $1,000,000 per occurrence coverage limit, with a $2,000,000 aggregate limit. (*Id.* ¶ 18.)

Plaintiff filed a two-count complaint against Defendant on January 1, 2015, (ECF No. 1), which it amended on April 23, 2015 (ECF No. 6). In Count I, Plaintiff seeks a declaration that the Policy does not provide coverage for breach of contract or breach of warranty claims. (ECF No 6. ¶¶ 24-37.) In Count II, Plaintiff seeks a declaration that the Policy does not provide coverage for claims based upon the UTPCPL. (*Id.* ¶¶ 38-48.)

On May 15, 2015, Defendant filed a motion to dismiss Plaintiff's amended complaint for lack of jurisdiction (ECF No. 8), along with a brief in support of its motion (ECF No. 9). On May 28, 2015, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (ECF No. 13.) The parties have fully briefed the Court, and this matter is now ripe for adjudication.

III.    **Applicable Law**

As will be explained in more detail below, Defendant argues that Plaintiff has not adequately established the amount in controversy required for diversity jurisdiction. Defendant also contends that the Court should decline to exercise its jurisdiction under

the Declaratory Judgment Act ("DJA"). The Court will briefly set forth the legal principles governing subject-matter jurisdiction and jurisdiction under the DJA.

### A.    Legal Standard for Subject-Matter Jurisdiction

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Thus, in addition to requiring complete diversity of citizenship among the parties, the statute requires that the amount in controversy exceed $75,000 in order to invoke this Court's diversity jurisdiction. *See Kosicki v. Nationstar Mortgage, LLC*, 947 F. Supp. 2d 546, 558 (W.D. Pa. 2013). Plaintiff bears the burden of showing that the amount in controversy exceeds $75,000. *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 685-86 (E.D. Pa. 2001); *see also Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995) ("As the party asserting jurisdiction, [the plaintiff] bears the burden of showing that its claims are properly before the district court."). While the Court should accept the sum claimed by the party asserting jurisdiction, "[o]nce a defendant has challenged the plaintiff's allegations regarding the amount in controversy, the plaintiff must produce sufficient evidence to justify its claims." *Nationwide Mut. Ins. Co. v. Brown*, 387 F. Supp. 2d 497, 498 (W.D. Pa. 2005).

Federal Rule of Civil Procedure 12(b)(1) governs a challenge concerning a court's subject-matter jurisdiction. A Rule 12(b)(1) motion to dismiss addresses a court's "'very power to hear the case.'" *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d

Cir. 1977)); *Frisell v. Grier Sch.*, No. 3:14-CV-13, 2015 U.S. Dist. LEXIS 10390, at *9 (W.D. Pa.

Jan. 29, 2015). "In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court

must distinguish between facial attacks and factual attacks. A facial attack challenges the

sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true."

*Stuler v. I.R.S.*, No. 2:12-CV-0391, 2012 U.S. Dist. LEXIS 72782, at *2 (W.D. Pa. May 24,

2012) (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). On the other hand,

"[i]n a factual attack, this Court must weigh the evidence relating to jurisdiction, with

discretion to allow affidavits, documents, and even limited evidentiary hearings." *Id.* at

*3 (citing *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.

2007)); *see also Long v. Tommy Hilfiger U.S.A., Inc.*, No. 2:09-CV-1701, 2011 U.S. Dist. LEXIS

13782, at *7 (W.D. Pa. Feb. 11, 2011). Here, Defendant asserts a factual challenge to this

Court's subject-matter jurisdiction over Plaintiff's claim for damages.

The Court must determine the amount in controversy from the complaint itself.

*Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mut. Ins. Co.*,

367 U.S. 348, 353 (1961)). "In determining whether the claim in fact exceeds $75,000,

exclusive of interests and costs, the court must assess 'the value of the rights being

litigated,' or 'the value of the object of the litigation.'" *Coregis Ins. Co.*, 127 F. Supp. 2d at

686 (quoting *Angus*, 989 F.2d at 146). Thus, "'[t]he rule governing dismissal for want of

jurisdiction in cases brought in the federal court is that, unless the law gives a different

rule, the sum claimed by the plaintiff controls if the claim is apparently made in good

faith'" because "'[i]t must appear to a legal certainty that the claim is really for less than

the jurisdictional amount to justify dismissal.'" *Columbia Gas Transmission Corp. v.*

*Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938)). "[W]hether the claims are for less than the jurisdictional amount depends on what damages a plaintiff could conceivably recover under state law." *Jayme v. MCI Corp.*, 328 Fed. Appx. 768, 771 (3d Cir. 2008) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 584 (3d Cir. 1997)).

### B.      Legal Standard for Jurisdiction under the Declaratory Judgment Act

The DJA provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The exercise of jurisdiction under the DJA is therefore discretionary, as it affords district courts "'unique and substantial discretion' . . . to determine whether to declare litigants' rights." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Although a district court's "exercise of discretion must be 'sound,'" the Supreme Court has framed the scope of a court's discretion "in broad terms." *Id.* (quoting *Wilton*, 515 U.S. at 287). "Rather than being subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction,' district courts exercising DJA discretion are governed by 'considerations of practicality and wise judicial administration.'" *Id.* (quoting *Wilton*, 515 U.S. at 288).

The Third Circuit has held that "in determining the appropriateness of declaratory relief," a district court "must take into account:  (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the

convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." *Bituminous Coal Operators' Ass'n, Inc. v. Int'l Union*, 585 F.2d 586, 596-97 (3d Cir. 1978); *see also United States v. Pa., Dep't of Envtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991). In declaratory judgment actions involving insurance coverage issues, the Third Circuit has "suggested relevant considerations," including: (1) "[a] general policy of restraint when the same issues are pending in a state court;" (2) "[a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;" and (3) "[a]voidance of duplicative litigation." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000).

In a case involving another proceeding pending in state court, the Supreme Court has held that the district court "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). This inquiry may require the court to consider "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding[.]" *Id.*

Over fifty years later, the Supreme Court reaffirmed *Brillhart*, finding that "district courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286. The Supreme Court held that "the District Court acted within its bounds in staying this action

for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court," but declined "to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel state proceedings." *Id.* at 290.

The Third Circuit recently addressed the scope of a district court's discretion in cases in which there are no parallel state proceedings. The court, in relying in part upon the factors set forth in *Bituminous Coal Operators' Association, Inc.* and *Summy*, explained that "a district court should guide its exercise of sound and reasoned discretion by giving meaningful consideration to the following factors," to the extent that they are relevant:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The court further stated that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction" and that "district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 144. Likewise, "[t]his same rationale applies when state proceedings do exist," as "[t]he

existence of pending parallel state proceedings militates significantly in favor of declining jurisdiction." *Id.* at 144-45. The court "reject[ed] any reading of *Summy* that supports per se automatic declining of jurisdiction," emphasizing that district courts must apply the multi-factor test. *Id.* at 147.

## IV. Discussion

### A. Subject-Matter Jurisdiction

Defendant argues that "[Plaintiff] has only requested declaratory relief, so there is no 'matter in controversy [that] exceeds the sum or value of $75,000[,]' as required under 28 U.S.C. §1332(a)." (ECF No. 8 ¶¶ 4-5; ECF No. 9 at 3.) In response, Plaintiff denies Defendant's allegation, asserting that "this Court and all of the District Courts of this nation regularly decide declaratory judgment actions that are based on diversity." (ECF No. 13 ¶ 5.)

Defendant provides no arguments or authority supporting its position. (*See* ECF No. 8 ¶¶ 4-5; ECF No. 9 at 3.) Moreover, in their action before the Court of Common Pleas of Blair County, the Jetts allege that the purchase price of the home was $278,000 and that $222,400, or eighty percent of the purchase price, was due at the date of delivery. (ECF No. 6-1 ¶ 30.) The Jetts further allege that they entered into a construction agreement with Defendant that specified a payment of $219,200, which the Jetts paid to Defendant upon the delivery of the home. (*Id.* ¶¶ 31, 35.) In the action before this Court, Plaintiff alleges that "the amount in controversy is in excess of $100,000" and that the

Policy carries a $1,000,000 per occurrence coverage limit, with a $2,000,000 aggregate limit. (ECF No. 6 ¶¶ 3, 18.)

Based upon these alleged facts, it is conceivable that the Jetts could recover damages in excess of $75,000 in the underlying action. *See Jayme*, 328 Fed. Appx. at 771. Moreover, the amount of $100,000 claimed by Plaintiff controls because it does not appear "'to a legal certainty that the [Plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal'" and because "'[Plaintiff's] claim is apparently made in good faith.'" *Columbia Gas Transmission Corp.*, 62 F.3d at 541 (quoting *St. Paul Mercury Indemnity Co.*, 303 U.S. at 288). Accordingly, Plaintiff has sufficiently alleged damages to satisfy the statutory amount in controversy to invoke this Court's federal diversity jurisdiction. *See, e.g.*, *AIM NationaLease v. Genuine Parts Co.*, No. 12-CV-480, 2012 U.S. Dist. LEXIS 106690, at *4 (W.D. Pa. July 31, 2012) (explaining that "[i]n a declaratory judgment action, the amount in controversy is determined by the value of the object of the litigation," which is "the value of a defense and indemnification in the state court action") (internal quotations omitted).

### B. Jurisdiction under the Declaratory Judgment Act

Defendant argues that the amended complaint should be dismissed because this Court lacks subject-matter jurisdiction. Specifically, Defendant asserts that the Court should decline to exercise its jurisdiction over this action because the same issues are pending in state court. (ECF No. 9 at 4-7.)

In response, Plaintiff argues that the coverage issues in this case are not parallel to the state proceedings and contends that consolidating the cases would result in a delay.

(ECF No. 13 at 9-10.) Plaintiff states that it is not a party to the underlying action and that the coverage issues raised in its amended complaint are not being litigated in the underlying action. (*Id.* at 11-12.) Plaintiff asserts that, as a result, the parties will not litigate duplicative issues, and there is no potential for a conflict of interest between the resolution of this case and the underlying state action. (*Id.* at 16-17.) Finally, Plaintiff argues that the coverage issues in this case do not involve questions of state law that are within the purview of a Pennsylvania state court. (*Id.* at 19-20.)

The Court will first address the fifth factor of the *Reifer* multi-factor test because the presence or absence of a pending parallel state-court action "militates significantly" in favor of declining or exercising jurisdiction. *Reifer*, 751 F.3d at 144. In *Brillhart*, the Supreme Court described a parallel proceeding as one "pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. A parallel proceeding is also one "in which all the matters in controversy between the parties [may] be fully adjudicated." *Id.*

In this case, the litigation pending in state court is not a parallel proceeding. Plaintiff is not a party to the underlying proceeding. As a result, the coverage issues that Plaintiff raises in the amended complaint are not before the state court. To raise these issues, Plaintiff would be required to file a separate declaratory judgment action in state court. Because the state court will be unable to adjudicate all matters in controversy in the pending state case, the Court cannot conclude that the underlying state-court action is a parallel proceeding. *See, e.g.*, *Nationwide Prop. & Cas. Ins. Co. v. Shearer*, No. 2:14-CV-735, 2015 U.S. Dist. LEXIS 31126, at *16 (W.D. Pa. Mar. 13, 2015) (concluding that the

underlying action was not a parallel state proceeding because the plaintiff was not a party to the underlying action and because the insurance coverage issues that the plaintiff raised were not at issue in the underlying action); *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes & Icon Legacy*, No. 4:15-CV-539, 2015 U.S. Dist. LEXIS 99214, at *11 (M.D. Pa. July 30, 2015) ("It is certainly true that the state court proceedings may involve many of the same factual issues as this case. However, the state court litigation will not resolve the fundamental dispute at issue here — whether [the plaintiff] must continue to defend [the defendant] and possibly indemnify [the defendant] for any damages awarded in the state court actions.").

As discussed above, "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction," and "district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Reifer*, 751 F.3d at 144. In this case, the opposing factors do not outweigh the absence of a parallel underlying action. First, a declaration by this Court would resolve the uncertainty regarding whether Plaintiff must continue to defend and to indemnify Defendant in the underlying action. Second, neither party would be inconvenienced by the declaratory judgment action proceeding in this Court. Third, it is in the public's interest to resolve the uncertainty of whether Plaintiff must continue to defend and to indemnify Defendant. Similarly, requiring Plaintiff to file a separate declaratory judgment raising the same issues in state court is not in the public's interest for purposes of judicial economy. Fourth, the only other available remedies to resolve these issues would require Plaintiff to file an action for declaratory judgment in

state court or to wait for a garnishment action to be filed against it after the underlying

action concludes.  As previously discussed, such circumstances would not be convenient

to the parties, and they would not promote judicial economy.

Regarding the sixth factor of the *Reifer* multi-factor test, this action will not result

in duplicative litigation because, as discussed above, the underlying action is not a

parallel proceeding.  Seventh, there is no evidence that procedural fencing or forum

selection influenced Plaintiff's decision to choose this venue to file its declaratory

judgment action.  Finally, there are no inherent conflicts of interests between Plaintiff's

pursuit of this action and its defense of Defendant in the underlying action.  In this action,

Plaintiff argues that the Policy does not provide coverage for breach of contract or breach

of warranty claims, or for claims based upon the UTPCPL.  The arguments both parties

will make in relation to these issues will not conflict with the arguments that the parties

will pursue in the underlying action.

Having balanced the eight factors delineated by the Third Circuit in *Reifer*, the

Court concludes that it should exercise its discretionary authority to maintain jurisdiction

over this matter.  *See Shearer*, 2015 U.S. Dist. LEXIS 31126, at *16-18; *Westfield Ins. Co.*, 2015

U.S. Dist. LEXIS 99214, at *14-15.  *See also Conroy v. Travelers Home & Marine Ins. Co.*, No.

3:15-CV-743, 2015 U.S. Dist. LEXIS 101183, at *4-6 (W.D. Pa. Aug. 3, 2015) (applying the

eight-factor test and exercising jurisdiction because the presumption in favor of exercising

declaratory jurisdiction where there was no parallel proceeding was not outweighed by

the other factors); *Western World Ins. Co. v. Alarcon & Marrone Demolition Co.*, No. 14-CV-

6617, 2015 U.S. Dist. LEXIS 74847, at *8 (E.D. Pa. June 9, 2015) (exercising jurisdiction in a

case raising issues of the duty to defend and indemnify because "a declaration in this case will resolve the uncertainty of [the plaintiff's] obligation, this forum is not inconvenient for the parties, and these issues will not be resolved through the Common Pleas suit (to which [the plaintiff] is not a party)"); *Scottsdale Ins. Co. v. RSE Inc.*, No. 14-CV-3920, 2014 U.S. Dist. LEXIS 146632, at *14-16 (E.D. Pa. 2014) (exercising jurisdiction in a case raising issues of the duty to defend and indemnify).

V.    **CONCLUSION**

For the reasons stated above, the Court finds that it is appropriate to exercise its discretionary authority over this matter, and the Court will therefore deny Defendant's motion to dismiss Plaintiff's amended complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) | CIVIL ACTION NO. 3:15-07 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| BLACK'S HOME SALES, | ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 4th day of November, 2015, upon consideration of Defendant's motion to dismiss (ECF No. 8) and Plaintiff's response in opposition, and in accordance with the attached memorandum opinion, **IT IS HEREBY ORDERED** that the motion is **DENIED. IT IS FURTHER ORDERED** that a post-discovery status conference is scheduled for November 23, 2015, at 3:00 p.m.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE